STATE OF MAINE                                                    SUPERIOR COURT

Cumberland, ss.


ANTHONY DEMARCO

              Plaintiff

        v.                                        Docket No. PORSC-AP-16-0037

DONNA PIACITELLI et als.                          STATE OF MAINE
                                                  Cumberland. ss. Clerk's Office

              Defendants                          DEC 19 2016

                                                  RECEIVED

                         DECISION ON APPEAL

        This forcible entry and detainer (FED) case is before the court on appeal by the

Plaintiff/Appellant Anthony DeMarco from the Decision and Order of the Portland District

Court (Woodman, J.), dismissing Mr. DeMarco's FED complaint against Defendants/Appellees

Donna, John and Teresa Piacitelli. *See DeMarco v. Piacitelli*, Me. Dist. Ct., Portland, Docket No.

PORDC-SA-16-811 (Judgment Forcible Entry and Detainer Sept. 9, 2016).

        Plaintiff/Appellant has filed a brief but the Defendant/Appellees have not, meaning that

they have waived the right to be heard. The court elects to decide the appeal without oral

argument.

        The record indicates that the case came before the District Court for hearing September

8, 2016. Defendants moved to dismiss for lack of proper service. The District Court denied the

motion and conducted a hearing on the merits. The next day the District Court decided in

favor of the Defendants on the ground that they had not all been properly served. In the

judgment, the court explained its reasoning: "The Plaintiff did not properly serve the

Defendants. Only John Piacitelli was served in hand and only one return was filed. No proof of

service was received as to the other two named Defendants (different than all other occupants)."

1

There is indeed only one return of service in the file, using the standard CV-34 (rev. 6/14) form forcible entry and detainer summons. The summons side indicates that it is addressed to all three named defendants "and all other occupants." The return side indicates that it was served on all three defendants "and all other occupants" but the only box checked indicates that Defendant John Piacitelli was served in hand. The return is silent as to how the other two Defendants were served.

It appears that the Plaintiff/Appellant chose to send only one copy of the summons and complaint to be served on all three named Defendants. Rule 4 appears to require that each named defendant be served with a copy of the summons and complaint, not that one copy be served on multiple defendants. *See* M.R. Civ. P. 4(a) (summons to "be directed to the *defendant*") (emphasis added). Rule 4 of the Maine Rules of Civil Procedure provides that service of the summons and complaint on an individual may be made "by delivering a copy of summons and complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . ." Quite plainly, the rule contemplates that a copy of the summons and complaint shall be served on each defendant, either in hand or by being left with a suitable person residing with the defendant.

In this court's view, if each named defendant is to be served with a copy of the summons and complaint, there should be a separate return of service in the file for each named defendant. *See* J.E. Keefe, Jr., Annot., Necessity in service by leaving process at place of abode etc., of leaving a copy of summons for each party sought to be served 8 A.L.R. 2d 343 (1949).

Plaintiff/Appellant argues that service was made on all three named Defendants because Defendant John Piacitelli was served in hand, but that argument ignores the fact that the one return of service in the court file is silent as to how the other two named Defendants were served. Even if, contrary to this court's interpretation of Rule 4, a single return of

2

service may suffice to prove service on multiple defendants, the one return at least needs to show how each of the named defendants was served.

Admittedly, the defect in proof of service is a technical one, *see Sanchez & Daniels v. Koresko & Assocs., P.C.*, 2005 U.S. Dist. LEXIS 1422 *3-4 n.4 (N.D. Ill. 2005). However, the District Court was not required to accept Plaintiff/Appellant's argument that the one return Plaintiff proffered to prove proper service should be construed to supply the missing information about how Teresa Piacitelli or Donna Piacitelli were served.

IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. The appeal of Plaintiff-Appellant Anthony DeMarco is denied. The District Court judgment in *DeMarco v. Piacitelli*, Me. Dist. Ct., Portland, Docket No. PORDC-SA-16-811 (Judgment Sept. 9, 2016) is hereby affirmed.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision on Appeal by reference in the docket.

Dated December 19, 2016

_____
A. M. Horton, Justice